**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-4866**

—————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DONALD HEATH MARSH,

              Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00353-NCT-1)

—————————

Submitted: June 22, 2012          Decided: July 6, 2012

—————————

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Heath Marsh pled guilty to distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (2006). The district court varied downward from Marsh's Guidelines sentencing range and sentenced him to one hundred forty-five months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Marsh's sentence is reasonable. Marsh filed a pro se brief, arguing the district court violated his right to allocute, violated his right to counsel of his choosing at sentencing, and violated his right to call a witness in his defense at sentencing. The Government did not file a brief. We affirm.

We review Marsh's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing a sentence, we must first determine whether the district court committed any significant procedural errors, examining the record for miscalculation of the Guidelines range, treatment of the Guidelines as mandatory, failure to consider the 18 U.S.C. § 3553(a) (2006) factors, the selection of a sentence based on clearly erroneous facts, and whether the court sufficiently explained the selected sentence. Id. at 51.

If we find no significant procedural error, we next assess the substantive reasonableness of the sentence. United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). In doing so, we "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We accord a presumption of reasonableness to a below-Guidelines sentence. United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012).

After thoroughly reviewing the record, we conclude that Marsh's below-Guidelines sentence was both procedurally and substantively reasonable. We have reviewed the arguments asserted by Marsh in his pro se supplemental brief and conclude they are without merit. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Marsh's conviction and sentence. This court requires that counsel inform Marsh in writing, of the right to petition the Supreme Court of the United States for further review. If Marsh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Marsh.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>